**Exhibit 1**

*Mountain Express Oil Company, MEX RE Holdings, and Time and Watter, LLC v. The Kase Group and Jeffrey Gates*, Case Number 2023CV376899

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| MOUNTAIN EXPRESS OIL COMPANY, MEX RE HOLDINGS, LLC and TIME AND WATER, LLC | ) Case No.: 2023CV376899 |
| **Plaintiff,** | ) |
| vs. | ) |
| THE KASE GROUP and JEFFREY GATES | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**JAMES T. JOHNSTON, JR., ESQ.**
**JAMES T. JOHNSTON, JR., LLC**
**900 CIRCLE 75 PKWY., SUITE 1735, ATLANTA, GA 30339**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ____3/1/2023____ day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 ____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

IN THE SUPERIOR COURT OF
FULTON COUNTY STATE OF GEORGIA

MOUNTAIN EXPRESS OIL COMPANY, )
MEX RE HOLDINGS, LLC, and )
TIME AND WATER, LLC., )
)
Plaintiffs, )
)
v. ) Case No.: 2023CV376899
)
THE KASE GROUP and JEFFREY )
GATES )
)
Defendants. )

## VERIFIED COMPLAINT FOR DEFAMATION AND DISGORGEMENT OF REAL ESTATE COMMISSIONS PAID TO NON-LICENSED PARTIES

COMES NOW, Mountain Express Oil Company, MEX RE Holdings, LLC and Time and Water, Inc., Plaintiffs in the above styled matter, and submits their Complaint for Defamation and Disgorgement of Real Estate Commissions Paid to Non-Licensed Parties. Plaintiffs respectfully state as follows:

As addressed in more detail below, Plaintiffs' claims are twofold:

1. **Defamation under O.C.G.A. § 51-5-1 et. seq.**

On or about January 25, 2023 and in connection with a real estate brokerage relationship, Defendants in bad faith and with the intent to harm Plaintiffs, published false statements to potential buyers to the effect that they believed Plaintiff Mountain Express Oil Company ("MEX") was unable to pay its rent obligations, was renegotiating its debt with lenders, and because of these circumstances Defendants would not be marketing any MEX units. These statements and innuendos were false

1

and not within any privilege held by Defendants. Plaintiffs have been substantially damaged financially and its reputation has been injured by Defendants' false statements. Plaintiffs seek to recover their actual damages from this Honorable Court for Defendants' intentional and illegal acts.

2. **Disgorgement of Real Estate Commissions Paid to Non-Licensed Parties.** *Drake v. Parkman*, 79 Ga. App. 679, 54 S.E. 2d 714 (1949), "Where one enters into a real estate brokerage contract with another who has not procured a license to do business as such a broker, and pays a commission to the one acting in the capacity of a real-estate broker, without knowing that he has not obtained a license, he may recover back the commission so paid." After publication of the defamatory statements by Defendants, Plaintiffs learned that Defendants were not licensed in any state in which it performed real estate brokerage services for Plaintiffs. Accordingly, (i) for the purpose of partially recouping Plaintiffs' damages from Defendants' defamation, and (ii) to recover commissions under *Drake* unknowingly paid to a non-licensed real estate broker, Plaintiffs seek a return of all commissions paid to Defendants.

## PARTIES

1.

Plaintiff Mountain Express Oil Company is a Georgia corporation with its principal place of business located in Fulton County, Georgia ("MEX"). MEX's Registered Agent is also located in Fulton County, Georgia.

2.

Plaintiff MEX RE Holdings, LLC is a Wyoming limited liability company which has its principal place of business and registered agent in Cobb County, Georgia ("MEX RE".)

2

3.

Plaintiff Time and Water LLC., is a Georgia limited liability company with its principal place of business in Fulton County and its Registered Agent in Cobb County, Georgia ("T&W").

4.

Plaintiffs MEX, MEX RE and T&W are related parties in that they are owned by substantially the same parties.

5.

Defendant The Kase Group is a California corporation with its principal place of business and Registered Agent located at 3288 Steiner Street, San Francisco, California 94123. The Kase Group's Registered Agent is Jacob Absharkh at this address.

6.

Defendant Jeffrey Gates is a California resident whose address is 230 Oakcrest Road, San Anselmo, California, 94960.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action.

8.

This Court has personal jurisdiction over all of the parties to this action. Further, pursuant to O.C.G.A. § 9-10-91 this Court has jurisdiction over the non-resident Defendants as they regularly transact business in and have sufficient contacts with the State of Georgia to satisfy Due Process concerns and the exercise of the Georgia Long Arm Statute. Defendants have committed tortious acts of defamation against Plaintiffs in the State of Georgia as alleged herein. *See* O.C.G.A. § 9-10-91(1) and (3).

9.

Venue is proper in this Court pursuant to O.C.G.A. §10-91-93 as a substantial part of the business transacted by the Defendants related to these matters and injury from Defendants' tortious act occurred in Fulton County, Georgia.

## FACTS

10.

During the years 2021 and 2022 Defendants represented Plaintiffs in at least six (6) real estate sales transactions for properties located in states where Defendants were not licensed brokers. Plaintiffs paid Defendants $835,588.62 for real estate commissions related to those sales. The specific sales were:

(i) On January 1, 2021 Plaintiff MEX sold property located at 1213 S. 2nd Street, Cabot, AR to Shepard Bank Investment, LLC for the purchase price of $1,470,000.00 and paid The Kase Group a commission of $24,990.00;

(ii) On January 8, 2021, Plaintiff T&W sold property located at 500 E Walnut Street, Paris, AR to Cheryl K. Keller, Trustee of Testamentary Trust under Will for Ernestine Keller for the purchase price of $2,317,000.00 and paid The Kase Group a commission of $46,340.00;

(iii) On January 25, 2021, Plaintiff MEX sold property located at 1301 S Eufaula Ave., Dothan, AL to Card Holding, LLC for the purchase price of $825,000.00 and paid The Kase Group a commission of $24,750.00;

(iv) On November 1, 2021, Plaintiff MEX sold property located at 901 Bankhead Hwy W, Birmingham, AL to Broderson Proprieties Truck Stop

Birmingham, AL, LLC for the purchase price of $9,352,517.00 and paid The Kase Group a commission of $187,050.34;

(v) On November 15, 2022, Plaintiff T&W sold property located at 3996 Ice Way, Fort Wayne, IN to Ice 3996, LLC for the purchase price of $1,372,914.00 and paid The Kase Group a commission of $27,458.28; and

(vi) On December 29, 2022, Plaintiff MEX RE sold property located at 10501 US Hwy 30, Cokeville, WY, 8950 Earhart Lane SW, Cedar Rapids, IA and 8801 NE Birmingham Road, Kansas City, MO to CAM-PL Cokeville, LLC, CAM-PL Kansas City, LLC and CAM-PL Cedar Rapids, LLC for the purchase price of $35,000,000.00 and paid The Kase Group a commission of $525,000.00.

Plaintiffs reserve the right to amend the foregoing if additional amounts are later determined to have been paid.

11.

At all times relevant hereto, Defendants represented they were licensed in all states where Plaintiff's properties were located, including Georgia where the relationship was formed and performed. However, after an investigation prompted by Defendants' defamatory email statement(s) to buyers, Plaintiff's diligently searched each such states and determined the following:

1. Neither Defendant has ever held any type of real estate license in the State of Arkansas;

2. Neither Defendant has ever held any type of real estate license in the State of Alabama;

3. Neither Defendant has ever held any type of real estate license in the State of Indiana;

4. Neither Defendant has ever held any type of real estate license in the State of Wyoming; and

5. Neither Defendant has ever held any type of real estate license in the State of Missouri.

12.

Without any warning or inquiry in advance whatsoever to any of the Plaintiffs, on January 25, 2023 Defendant Jeffery Gates, Director of Defendant The Kase Group, sent the following email to a pending interested party in real property owned by MEX:

**From:** Jeff Gates <jgates@thekasegroup.com>
**Date:** Wednesday, January 25, 2023 at 10:26 PM
**To:** Phillip Bundren <pbundren@Westwoodnetlease.com>, Matt Viola <mtv@kjk.com>
**Subject:** Hackelburg AL Mountain Express Acquisition

Dear buyer or potential buyer,

The Kase Group (TKG) has been made aware that Mountain Express (MEX) currently may not be paying rent on certain of its company-operated units and that the company may be in discussions with its lenders regarding the terms of its debt. TKG is merely a broker and is not in any position to ascertain the actual financial condition of MEX, which is a privately held company. Until TKG has a clearer picture of MEX's finances and its plans for its future operations, TKG will not be marketing MEX units. For parties that are considering the purchase of MEX units, we caution you to conduct all appropriate due diligence with respect the financial condition of MEX. TKG cannot advise you in this manner and TKG recommends that you consult with your financial advisor or legal counsel.

Thank you

--

**Jeff Gates**
*Director*
415-231-5231
jgates@thekasegroup.com

6

CA BRE #: 01768554

K The Kase Group

13.

The insinuation that Plaintiff MEX was not paying rent on its company-owned convenience stores has no basis in fact. By virtue of the doctrine of *respondeat superior*, Defendant Gates' statements are attributable to his principal, The Kase Group.

14.

Defendants published the said false statements and inuendoes in bad faith with the specific intent to harm Plaintiffs. In short, Defendants published statements placing Plaintiffs in a false light and a false assertion of facts, communicated them to third parties, and Plaintiffs have been substantially damaged thereby.

**WHEREFORE**, Plaintiffs pray that they be granted relief as follows:

(a) Judgment, joint and severally, against Defendants for Plaintiffs' actual damages for defamation as determined by an enlightened jury in their sole and absolute discretion;

(b) Judgment, joint and severally, against Defendants for punitive damages in an amount to be determined by a jury in their sole and absolute discretion for the purpose of deterring any such future conduct of like nature;

(c) Judgment in an amount equal to all real estate broker commissions paid to Defendants by Plaintiffs while under the mistaken belief that Defendants were duly licensed brokers in all states where Plaintiffs' property was located, and in Georgia where the contract was made and performed;

(d) Judgment against Defendants for all costs of this action, including Plaintiffs' reasonable attorney fees; and

(e) that Plaintiffs be granted such further and other relief as this Court deems just and proper.

Respectfully submitted this 1st day of March, 2023.

JAMES T. JOHNSTON, JR., LLC

BY: _____
James T. Johnston, Jr.
GA Bar No.396590
Attorney for Plaintiff

James T. Johnston, Jr., LLC
900 Circle 75 Parkway, Suite 1735
Atlanta, Georgia 30339
770-859-9888

8

# IN THE SUPERIOR COURT OF
# FULTON COUNTY STATE OF GEORGIA

| | |
|---|---|
| **MOUNTAIN EXPRESS OIL COMPANY,** ) <br> **MEX RE HOLDINGS, LLC, and** ) <br> **TIME AND WATER, LLC.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **THE KASE GROUP and JEFFREY** ) <br> **GATES** ) <br> ) <br> **Defendants.** ) | Case No.: |

## VERIFICATION

PERSONALLY APPEARED BEFORE the undersigned officer duly authorized to administer oaths, Turjo Wadud, Chief Executive Officer of Plaintiff Mountain Express Oil Company, who, after having first been sworn, deposes and states on oath that the facts set forth in this VERIFIED COMPLAINT are true and correct to the best of his knowledge and belief.

This ___1___ day of March 2023.

_____
Turjo Wadud

Sworn to and subscribe
before me this _1_ day
of _March_, 2023.

_____
NOTARY PUBLIC
My Commission Expires:

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>JAMES T. JOHNSTON, JR., LLC<br>900 CIRCLE 75 PARKWAY, SUITE 1735<br>ATLANTA GA 30339-3084<br>TELEPHONE NO.: 770-859-9888   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): MOUNTAIN EXPRESS OIL COMPANY, MEX RE HOLDINGS, LLC AN | FOR COURT USE ONLY |
|---|---|
| FULTON COUNTY SUPERIOR COURT<br>STREET ADDRESS: 136 PRYOR STREET ROOM C-103<br>MAILING ADDRESS: ATLANTA GA 30303<br>CITY AND ZIP CODE:<br>BRANCH NAME: STATE OF GEORGIA | |
| PLAINTIFF/PETITIONER: MOUNTAIN EXPRESS OIL COMPANY, MEX RE<br>DEFENDANT/RESPONDENT: THE KASE GROUP AND JEFFREY GATES | CASE NUMBER:<br>2023CV376899 |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>23000179 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. ☒ other (specify documents): SUMMONS AND COMPLAINT

3. a. Party served: **JEFFREY GATES**
   b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person

4. Address where the party was served: 230 OAKCREST ROAD  San Anselmo CA 94960

5. I served the party
   a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on 03/10/2023   (2) at 1:05 pm
   b. ☐ **by substituted service**. On:         at:         I left the documents listed in item 2 with or in the presence of:
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on.
         ☐ a declaration of mailing is attached.
   c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
      (1) on (date):         (2) from (city):
      (3) ☐ with two copies of the Notice and Acknowledgement of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt) (Code Civ. Proc., § 415.30).
      (4) ☐ to an address outside California with return receipt requested (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means**. Method         On:         at:

Court Copy

6. The "Notice to Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of:
   c. ☐ as occupant
   d. ☐ On behalf of:
   under the following Code of Civil Procedure section:
   - ☐ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)
   - ☐ Other:

7. **Person who served papers**
   a. Name: Deputy M. Thompson #1633
   b. Address: 1600 Los Gamos Drive Suite 200 San Rafael, CA 94903
   c. Telephone number: (415) 473-7282
   d. The fee for service was: $ 40.00
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professional Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner  ☐ employee  ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☐ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☒ **I am a California sheriff or marshall and** I certify that the foregoing is true and correct.

Tuesday, March 14, 2023

Jamie Scardina, Sheriff-Coroner
County of Marin

By: _____
R. Giudice